LAWRENCE CURRY, *Plaintiff in Error*, v. D. W. MORAN, SHERIFF OF DADE COUNTY, FLORIDA, *Defendant in Error*.

## Opinion Filed August 15, 1918.

An information charging that the defendant, an alien or non-resident of the State, did engage in taking fish from the salt waters of the State for purposes other than his own individual use, with hook and line only, without procuring a license therefor, does not state an offense under Chapter 6877, Acts of 1915, since the exemption from license taxes of those who fish only with hook and line, extends to aliens or non-residents who take fish from the salt waters of the State for other than his individual use.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Order reversed.

*Price & Price,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WHITFIELD, J.—The Circuit Judge in *habeas corpus* proceedings remanded Curry on a charge that he "being then an alien or non-resident of the State of Florida, did then and there engage in taking fish from the salt waters of this State in Dade County, Florida, for purposes other than his own individual use with hook and line only, without securing the license required of aliens or non-residents of the State of Florida by the State of Florida, and without paying the license tax imposed upon such aliens or non-residents of the State of Florida by the State of Florida, and without having made application to the Commissioner of Agriculture over his own signature for such license on blanks furnished by the Commissioner of Agriculture."

Curry was allowed and took a writ of error.

Chapter 6877, Acts of 1915, contains the following provisions: "Whoever being an alien or non-resident of this State, and who shall engage in taking fish or oysters from the salt waters of this State for any purpose other than his own individual use, shall be required to pay a license tax of ten dollars per annum. Such alien or non-resident shall make application to the Commissioner of Agriculture, over his own signature, for such license on blanks furnished by the Commissioner of Agriculture, which shall set forth the nationality of such alien or non-resident, local address and such other information as may be required by the Commissioner of Agriculture."

"The payment of a license tax, or the procuring of any license shall not be required of persons fishing only with hook and line or with rod and reel or similar device."

This latter quoted paragraph operates as an exception to the first quoted provision of the statute, and relieves from the license tax all "persons fishing only with hook and line or with rod and reel or similar device," though

if those "fishing only with hook and line" are aliens or non-residents of the State, and are on a boat "engaged in the fishing industry in this State, operated in whole or in part by such alien or non-resident," a license would be required of such alien under another paragraph of the statute. See Curry v. State, filed this day.

Order reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.